The next case in our call this morning is agenda number seven, case number 1 0 5 5 6 8. Ken Landis et al versus Marc Realty et al. Council may proceed as soon as we've cleared the courtroom. May it please the court. Good morning, your honors. My name is Bert Zajac and I represent the plaintiffs Ken and Ann DeLandis, and we're here asking this court to reverse the appellate court and reinstate our claim. The basics of this case are Ken and Ann DeLandis rented an apartment in the city of Chicago. They moved out by agreement with the landlord, and they never received their security deposit after moving out. There's an ordinance in the city of Chicago called the Chicago Residential Landlord Tenant Ordinance, and that allows plaintiffs to file suit and seek some extra contractual damages in addition to the return of the actual security deposit. That's why we're here today. The appellate court ruled that that case that we filed was untimely. The appellate court and the trial court held that section 5 slash 13 dash 202, which applies to statutory penalty cases, should apply to this case, which is based upon an ordinance. And it's our contention that the appellate court and the trial court are wrong for two reasons. First, 5 slash 13 dash 202 does not apply to claims based on ordinances. And second, even if it did, this case is not one that is a penalty. We're not seeking a penalty, and therefore, even if a statutory penalty is covered and broad enough to apply to an ordinance that's a penalty, our claim does not seek a penalty as defined by, I think, every reported case on the subject. I have a point of clarification. If we were to agree with you on the first issue, namely that an ordinance doesn't come under the provision that says statute, we don't even get to the penalty issue. Is that right? I believe you're correct. We kind of have a twofer argument here in the event that one doesn't succeed. There are a number of reasons why 5 slash 13 dash 202 should not apply to cases that are based upon an ordinance. The first one is that it would appear that to reach that conclusion, as the appellate court did, requires a violation of probably every applicable rule of statutory construction that exists. Probably the first one is that statutes are to be interpreted in the way that they are written, using their words if it's unambiguous and applying the normal use of the words that's in the statute. Here, the statute in question says that it applies to claims for statutory penalties. That, in essence, is the entire operative issue. And we contend that by not saying the word in ordinances or something else, when you say a word like statute, which has a very specific and precise definition under Illinois law, it applies in the manner that it says to statutes. That would be the primary rule that I think this court and every other court has recognized this court follows. Follow what the unambiguous words of the statute say. There are a number of other statutory construction rules, though, that also apply. And forgive my Latin, it's not so great, but there's also unius exclusio alterius, which says the inclusion of one is the exclusion of the others. Using that principle, it would appear that if you include a claim or a statement that says it applies to statutes, but it does not apply to anything else, because we've included the one and left out all of the others. There's also a justem generis, which says that if a statute says it applies to a list of categories and says that the list is not exclusive, then the class of things to which that statute applies will be interpreted to cover things that are similar to it. But in this context, there is nothing in the statute that says that it's intended to be viewed more broadly than it's written. It doesn't say it applies to statutes and other similar items, other similar things, enactments by local or other governments. It simply said statutes. And again, it would appear that that maxim was violated by applying it to ordinances. Excuse me, doesn't Black's Law Dictionary define statute as a legislative term? I believe it's created by a legislative body. It does. And I guess the issue comes down to, we're not talking about trying to provide a general applicable definition that can be applied to, used in every instance across the board. We're talking about the state of Illinois, which has identified its own terms and very carefully crafted the words that it used. And by example, we have the statute on statutes, which talks about what rules apply in determining what interpretation, what extra things are added into statutes. And the statute refers to statutes themselves. For instance, if there is something that's due on a Saturday for a filing, the statute on statutes says whatever statute requires it to be due on a Saturday is automatically extended to the following business day, which would be a Monday. And if the Black's Law Dictionary were to be applied and everything that was a legislative enactment was to be similarly affected, then every legislative body from whether it's a township, whether it's a county, whether it's a state, whether it's some sort of administrative regulatory body, would therefore be allowed to pull into what is a legislative body. And we're here contending that the legislature said this is how we want this to be interpreted. It applies to statutes. And granted, there are all kinds of people out there that can use different words to describe things. But when we're talking about what the statute says, and the statute has definitions, then the definitions of the statute should control, and it shouldn't be interpreted in a way that's much broader. And there are a number of reasons for that, which takes me to the next point, which is when the legislature wants a word to be broader than the word statute, it has the ability to do so. And it does so in the intergovernment, or the Local Government and Governmental Tort Immunity Enactment Act. It refers to the word enactments to make that statute apply to whether it's a local ordinance, a county ordinance, or any other ordinance. It doesn't apply to anything else, including statutes. So the legislature clearly has expressed an understanding that the word statute has a particular meaning. For example, when we talk about our compiled statutes, we look to the Illinois compiled statutes, ILCS. And when we look there, we expect that the word statute means exactly what it says. We find the statutes that are passed by a very distinct governmental body in the state of Illinois, the legislature. We don't go to the ILCS to determine what might be included in any of the ordinances that are out there, because we all understand the word statute used there, even though Black's Law Dictionary says it might be all legislative enactments, it does not cover anything different, because the legislature has defined what the word statute means. The third reason that I think there's been a violation of statutory construction is that ordinances are not necessarily the same as statutes, and vice versa. Statutes are not the same as ordinances. They are passed by very distinct legislative bodies. If the legislators had wanted the statute to read in a way that the limitations period of two years would apply to everything, they could have said, well, we would like this to apply to all legislative enactments, or we could ask it to apply to all legislation, but they didn't. Because the legislature is ruling on things that are across the board applicable as a state matter. Perhaps in the instance of a non-home rule community, the legislature is ruling on things that will affect lesser governmental bodies, but in general, the state statute, or the state legislature is ruling on matters that concern the state in general. And if we were to interpret that the word ordinances was the equivalent of statutes, there are innumerable ordinances or innumerable statutes out there that are not written in a way that you can simply look at and say, well, it says the word ordinances here, and therefore, we might as well, since an ordinance is the same as legislation and a statute is legislation, we should treat it all the same. I would contend first that by definition, whenever there's a rule or a statute that says that it applies to ordinances on its face, that, in fact, is further evidence of the point that we're making. The legislature recognizes that there's a distinction between statutes and ordinances, uses the words when they're appropriate, doesn't use the words when they're not appropriate, and understands how to use general terms when it wants to make it applicable across the board. You're relying on the third district case, aren't you, the city of Peoria versus TOC? That is one of the reasons that we're here today, that the city of Peoria noted that there's kind of an inherent difference between a local community that has its elected representatives and a state legislature. The local community has perhaps different elections, different concerns, and things of that nature. But when we have a statute that passes across the board, we like to think that we've got the collective wisdom of the legislators that we voted for from the individual districts deciding things of perhaps a more broad issue. And therefore, it would be very different, I think, to say that when there's a local city council that makes an ordinance, that it's somehow the equivalent of the state legislature also ruling without some sort of statutory mandate that says that the city of Chicago's legislative process should be treated the same as the state legislative process. There would be, I think, just an inherent disconnect there. But doesn't the Nehmer court disagree with that? The Nehmer court did, and I contend that the Nehmer court was wrong. It's the same district that we're dealing with in this case as well, the first district. And there are, I think, a number of issues that came up both in the Nehmer opinion and ours that are similar that explain why perhaps it shouldn't just be considered the Landis' here today arguing that the Nehmer court and their court were wrong. But also across the board, it's impracticable to apply this. One of the things that comes up is the Nehmer court and the court ruling here decided that the statute that limits the actions to two years should be interpreted in a way that says that, it says statutes only, but you know, they're pretty similar to ordinances. They both fall under the rubric of legislation, and therefore, they should apply, the law should apply equally. And it's our contention that, number one, you're violating the very first tenet of statutory construction, which is apply the rules as they're written. And the reason I think that that rule is so important is that it gives everybody a little bit of certainty in society, which I think is one of the things that this legislature is supposed to do. When you can look at a statute and say, I know what it covers and what it applies to and what it does not apply to, because it says what it applies to and what it does not apply to, then we can all comport our lives in a manner that we can say, here's what's expected of me, here's what a deadline is, here's what a law says I can't do, what I shouldn't do, what I must always do. And by taking that away from us, I think that the Nehmer decision has essentially said, look, your guess is as good as mine. If you can come up with a general word that might apply larger across the board to a word like statute to make it apply to other things, then let's go ahead and make it apply to everything. And it's our contention that not only is it unfair, it really takes away, I think, what the intent of the legislature was as it expressed, and it also takes away the purpose of the legislation, which is to give us some guidance, tell us what the rules are, and let us know when we can go forward. It doesn't make sense to say that any time you can add in something that's similar to that category, it should be added in, because those are the other rules of statutory construction that we've talked about. If something is specifically included, it would appear by logic that the other things are excluded, unless there's some language that says we want this statute to apply to things in general, but it's not limited to these. We also want it to include similar things, and there would be language like and the such, similar, related, but there isn't anything in there. So in the end, I contend that the Nehmer court is wrong in saying that you should read a statute to include things, because here's what I think the real harm is. I've talked about all of the problems that come up on kind of a theoretical basis, but let's look at the reality of what happens in a situation where you imbue a statute to say things that are specifically not included in there. And that is you end up with just a mess. It means that if you're a person that can come up with an argument that something is a little bit like this and less like that, well, then the statute should also apply to that. And we just have, I think, chaos at that point trying to figure it out. Would a statutory penalty also mean that a two-year limitation should apply to anything that might be viewed as a penalty based on the Illinois Constitution? There are innumerable situations where it's going to come up. What about an administrative regulation? Again, these are considered to be, in some ways, very similar items. They're passed by bodies that may or may not be elected bodies. They are rules that we are to live by. And therefore, it could arguably be made, arguably be said that these two are legislation. I think that we'd all prefer to live in a world where you can look at a statute and say, I'd like to read it and know what it says. Otherwise, what other statute is going to be out there that we can imbue with some other word that is specifically omitted from it? It could be a law that prohibits doing certain things in a vehicle. We look to see how the word vehicle is identified. And usually, there's a definition provided and things like that. And we read the definition and we figure it out. But if the word vehicle is suddenly applied to say, well, all these things seem to have wheels, so we're going to apply the word vehicle to, we're going to imbue that with the meaning that anything with a wheel is a vehicle. Pretty soon, you're talking about, well, you'd have a laundry cart that's got wheels. Maybe somebody that walks down the street with a laundry cart doing something that's violative of the statute is also violating the statute. And I'm saying, let's read the statute the way it's written. Let's interpret it the way it's written. And therefore, we'll all know what it is that we're trying to do. And here's a couple of other, I guess, reasons why it's so important in the context of this case. 5-13-202 is written very precisely. It enumerates, I count, seven different items to which it makes the two-year limitations apply to. Personal injury, false imprisonment, malicious prosecution, statutory penalties, the one applicable here, abduction, seduction, and criminal conversation. Well, what happens the next time that a court says, well, there's a two-year limitation for claims for personal injury, and we should apply it, since what it really is, a claim for a personal injury is a claim for money damages because somebody committed a tort, we should make that applicable to property damage as well. Because in the end, they're very similar things. Somebody committed a tort, somebody is seeking money, and they're more alike than they're disalike. Well, the answer is, I say, because that's not what the statute says. The legislature was very precise in what it said. The next reason why I think that it shouldn't apply is, we can look at other situations where word ordinances are used, the word ordinance is used. If you look to Rule 201H of the Illinois Supreme Court rules, one of the rules says we're not allowed to have discovery in cases of ordinances where only a penalty is at issue. Well, if this court is ruling that ordinances as a word means the same thing as statutes, then perhaps any time somebody has a claim that they're seeking to enforce a statute on somebody else in municipality for violation of a statute, is that also going to apply to the two-year limitation? I'm contending that it should not. Because by recognizing that an ordinance should be spelled out separately in Rule 201H to what discovery is allowed or not that you don't get to use the word synonymously in general, the legislature has defined words in a way that you can't use them across the board synonymously either. When they want it to apply differently, they use different words. When they want a statute to be applied across the board, they use words like enactments. That didn't happen in 513-202. As far as the second issue, whether this is in fact a penalty or not, every court that's ever ruled on the issue has looked to three different points to determine whether a statute that allows extra contractual damages is in fact a penalty. Does it impute automatic liability? Are the amount of the damages automatically calculable by what's listed in the statute as a specific amount? And are the damages allowed regardless of actual damages? And here we have a situation where the ordinance I think clearly would pass the penalty test on the first factor. It's automatic. If there's a violation of the ordinance, there's a violation and the penalty provision that the defendant contends exists as a penalty is triggered. But we claim that it's just a remedial matter. So the first one I have to give to the defendants, but the other two are not. Because if you look to the ordinance, there's no violation. Rather, there's a multiplier effect. It says look to how much was at issue in the security deposit and double it and then let people get their attorney's fees as well. And every statute that's ever addressed whether something's a penalty or not says, look, just because you can have a formula doesn't mean that you're actually setting forth what the amount of the damages are. There's a difference between having a formula and having a set specific amount. And the third one is that are the damages that are awarded under the ordinance awarded regardless of the suffering of actual damages. And that's the one that we say clearly that's in our favor. I see my time has expired. When you refresh my memory on lines versus realty, I thought in that case, 2001 case, we suggested that the overall purpose of the act was to recover money that was never returned to us. Of course that's for medium. What was the name of the case? Lawrence versus Regent Realty. I confess I'm not familiar with that one, but I think that the issue that you're raising now is exactly what it is. You have to look to what's the overriding effect or the purpose of what's being done here. And in this instance, and I think in 99 percent of the other instances, we're seeking to recover money that was never returned to us. Of course that's for medial. We're out $8,400 in security deposit. If it isn't returned, we lose. Thank you. Mr. Maynard. May it please the Court, Mr. Zajac. My name is Kent Maynard and I represent the Appalese in this case. And the Appalese position is that the First District got it right. The First District looked to controlling authority in the First District, the NAMR case, and found that this case is controlled by the NAMR case. It is true that the Chicago residential landlord-tenant ordinance is in part remedial. And the courts of this state have so found. They have said that there are provisions which are remedial in nature and there are provisions which are penal in nature based on the test which was set forth in the McDonald versus Levine case, which wasn't about this ordinance or this issue, but set forth basic rules for distinguishing between a provision providing for relief so that we could determine whether that relief was penal or remedial in nature. Now, I'm going to begin perhaps by responding to one of the last comments that was made about the two reasons why the argument is that the First District got it wrong. And I have to confess that my burden is lighter than my learned opponents because all I have to do is persuade you either that this ordinance is within the ambit of Section 13202, the statute of limitations we're talking about, and it is, and that's what NAMR says, and that's what the Appalese Constitution says. And by the way, if I can digress, NAMR is a wonderful decision, and it represents, I think, a very carefully reasoned survey of the case law in this area. And in fact, NAMR goes back to a case from 1888 in which the city of Chicago sued someone named Enright who had a partner named Kelly, and they were selling wholesaling liquor in the city of Chicago without a penalty. And they said, you owe us $400 and change. And Mr. Enright said, no, this is a prosecution, a criminal prosecution. I'm entitled to a different, a shorter statute of limitation. And the First District said, the same phrase involved, statutory penalty. They said, no, this statutory penalty phrase applies. And that's the statute of limitations, that you owe us $400 and change, would be implicated as a result. And so it's been the settled rule in this state since 1888 that ordinances are statutory for purposes of the phrase statutory penalty, and have been since 1888. That's what NAMR pointed out. Black's Law Dictionary also defines statute as a general category, which includes a number of subcategories, including ordinances. Now, it is true that from time to time, courts will refer to ordinances, which are a subclass of statutes, as ordinances in order to distinguish them from enactments that are passed in the General Assembly. That is true. But that doesn't make them different in nature. It doesn't make them different in kind. It doesn't justify the notion that we need two separate rules. One rule for a penalty that is imposed by an enactment that is passed here in Springfield by the General Assembly, and another rule that is passed in Chicago by the General Assembly, and a third rule for penalties which may or may not be created by enactments in Chicago. Mr. Maynard, so ordinances can be encompassed under the definition of statute. Can statute be encompassed under the definition of ordinance, or does it only work one way? I think it works one way. I think that statute is the more general term, based on what I have seen, and that there are subcategories within it that we would have the general category of statute which, according to the authorities which we cite in our brief, what it tends to connote is that this is a formal, written, permanent indication of how people are to conduct themselves. And that could be just as true of an ordinance as it is of an enactment here by the General Assembly. The point we are trying to make here is that there really is a distinction without a difference. There is really nothing, no reason why a penalty that is created by an ordinance should somehow be entitled to a longer statute than one that is created here in Springfield. It just doesn't make any sense. And in fact, to the extent that we found that the city of Chicago could, by simply changing the way that it self-describes its own enactments, if they decided tomorrow that they were going to stop calling their enactments ordinances and they were going to call them statutes, would that create a contrary result? Would we now, because we're focusing on this one word and disregarding NAMR, disregarding the Enright case from 1888, disregarding the fact that NAMR had toffed before it when it decided that the phrase statutory penalty was broad enough to encompass municipal ordinances? And in fact, expressly rejected the reasoning. I believe we've had cases in this court, though, where there's been a legislative statute that has taken priority over a municipal ordinance. So if indeed that can occur, I mean, doesn't that in and of itself show a distinction? I mean, the municipality couldn't come in and argue this is a statute. They'd have to admit that they had passed a municipal ordinance where the legislature had passed a statute that would have priority over that ordinance. I do not disagree with what you said. In fact, we try to make the same point, perhaps somewhat inartfully in our brief, where we say that to the extent that the state of Illinois delegates certain functions and certain authority to home rule jurisdictions, that we don't then put the cart before the horse and say that now the city of Chicago can basically define whatever statute of limitation it wants if what they're really doing is creating a penalty. And they are in this case. That's precisely what we're trying, I think, perhaps not as clearly as you may have said. We're trying to point that out, that the state is the source of the authority. It flows to these other entities, and they then utilize that authority to carry out certain administrative functions. So I would agree with that. There is something that I have to confess. When you look at the language, we all, I think, would agree that the rules of construction that we've heard about always seem to begin with the language of the statute itself. And it's interesting to note that the last portion of the statute has the last sentence where there was some language added in the, I believe it was the Illinois Civil Rights Act of 2006, and it talks about compelled confessions and actions that are might arise. At the end there's a carve-out, however. It says, however, this provision, which talks about compelled confessions, relating to the compelling of a confession or information, shall not apply to units of local government. Apparently the General Assembly understood that this section 13202 was, or had been for over 100 years, had been interpreted as applying to units of local government. And that's why it was necessary to include this carve-out. So the notion that we are somehow making new law by not overturning the first district in this case, which was relying on NAMR, so we would be overturning this case, the first district, NAMR, we would also be overturning, impliedly, the case that NAMR relied on, which is the Enright case from 1888, all of which has been undisturbed. A case came up before this court in Claire v. Bell, which is one of the cases cited in the Tauf case, which, by the way, is a three-page opinion. Most of it is a quotation of another opinion which talks about the nature of these quasi-criminal proceedings involving parking tickets. And it cites only two cases. And, by the way, the defendant in this case, Mr. Tauf, was pro se. So it's not surprising, perhaps, that this court didn't have the benefit of the Enright case before it, that no one raised that precedent, that no one alerted the court to the precedent which had already decided this issue long, long before this case was decided. However, when the NAMR court looked at this, the first thing they pointed out was that they didn't even address or consider. It's one thing if you're going to disagree with Enright, but you ought to at least know what's out there. So if this is where we want to go, we have a fairly slim read, I think, in this case, to do that. One of the cases it cites, interestingly, though, in suggesting somehow that there is a difference, a fundamental difference in nature between an ordinance and a statute, is this case of Clare v. Bell. And in Clare v. Bell, this court commented as follows. This court said, and this is now back 1954, it said, in construing a statute, courts are not confined to the literal meaning of the words used. If situations, if a situation is within the intention, it is regarded within the statute, although not within the letter. Conversely, a situation within the letter is not within the statute unless it is within the intention. In other words, we're not bound by, blindly, or we are not bound to follow the rules to the extent that we understand and know that that was never the intention. And the fact that the General Assembly, in 2006, felt it was necessary to provide a carve-out for local units of government in providing this amendment, I think, suggests that they understood that for over 100 years this provision, Section 13202, has been interpreted as applying to municipal ordinances. And the City of Chicago, presumably, understands that. And the City of Chicago understands that, too. The Chicago Residential Landlord-Tenant Act is silent, doesn't say anything about a statute of limitation. But another point you can make is that NAMRA was decided in 1998, 100 years after Enright. And if the General Assembly felt that somehow the courts were doing just or violence to their intent in Section 13202, by applying it beyond the intended scope, they could have very easily done the kinds of things that the Council is talking about here today. We submit, as a result of those reasons, that this ordinance does come within the ambit of a statutory penalty. The fact that they use the term statutory to modify the noun penalty may be nothing more than the mere happenstance that there isn't a convenient adjective that you can make out of the noun ordinance. I don't know how you take the word ordinance and convert it conveniently into an adjective. And I think that's why the more general word statutory is used here. The second point, though, these plaintiffs have not sought, and do not seek in this court here today, remedial relief. The Solomon case tells us that. The Solomon case was a case where a tenant brought an action under the name of a tenant. And the tenant was brought under the Chicago Residential Landlord Tenant Ordinance. And basically, there was an argument that because they had received a partial refund of the security deposit, there should be an offset after they were awarded relief under provisions that punish, in our view, punish certain types of conduct. And the court said, no, there is no setoff. These provisions that we're talking about here today do not include a return of the actual security deposit. In a case where the security deposit is not returned, you continue to have under the ordinance we're talking about whatever rights, a common law or whatever right you might have to bring a breach of contract action to recover that. And in fact, if you read the brief, it's quite clear they understand that because they have filed an amended complaint after the complaint seeking purely penal relief was dismissed, they then filed an amended complaint seeking breach of contract damages and a return of the actual security deposit. That action, to the extent that you were to affirm the First District, they could still timely bring to the extent that that were included in your order. But the relief here is not remedial. They're stacking, they claim that there was a, they're stacking because of the late return of the security deposit. That triggers one penalty, which is defined as two times the security deposit. There is no linear relationship, no variance that accounts for the actual damages that may or may not have been suffered. If the payment is made to the tenant of a return of the security deposit is one day late, it's the same amount of money. If it's a year late, same amount of money. There's no attempt to quantify actual damages. And that's because, as the Solomon case tells us, if you want actual damages, you can still get those. You still have an independent cause of action to get actual remedial relief. That doesn't go away. This is, this is penal. These are provisions which are designed to punish landlord misconduct, not to make the tenant whole. For those reasons and the other reasons, the appellees would respectfully request that this Court affirm the First District, which would impliedly be an affirmation of what, what the Namur Court said and what the Enright Court said. And to some extent, what this Court itself said in the, in the Claire v. Bell case. Thank you. The statement by the appellees that the legislature is hamstrung and has to use the word statutory penalty, because there's no other good word to apply across the board, I think, doesn't really apply here. As the legislature already noted in the local governmental Toward Immunity Act, they used the word enactment when they wanted to apply. When they specifically noted they wanted to apply to ordinances, statutes, and everything else, the word enactment works. And they know it works, and it does. The second issue is that the issue about this has to be considered, well, the second issue really should be that the idea that this has to be considered, a statute and an ordinance have to be the same, seems almost to be disputed by the defendant's own argument. They note that it's true. Courts sometimes, to distinguish them from statutes, use the word ordinances when describing ordinances. I think that's my exact point. Of course the courts use the word ordinances when they want to apply to the word ordinance, and of course they use the word statute when they want it to apply to the word statute. That's exactly what the legislature does, too. They've done it time and again, repeatedly, and it has to be done, because they're not the same thing. The mere fact that a court would itself think that it has to distinguish the two, I think, is proof positive of what we're saying. The word statute, the statute that they're arguing applies, by definition would mean it applies to a statutory penalty. The third issue is, in arguing that there was a penalty provided by this ordinance because there's a formula to give double the security deposit back, I think that is a misstatement of what actually is going on. It's not possible to recover all of your actual damages in a lawsuit unless there's some extra contractual remedy that is provided. And this court has noted it before when talking about the bad faith or delay caused by insurance companies when they refuse to award or pay out on a claim. And there's a statute that allows extra contractual damages on that. At this point I believe it's 60 percent extra. And as we noted in our brief, this court had looked at one of the cases and said that there is obviously more money being awarded to somebody than the amount of money that wasn't paid out. But sometimes you have to give out more than the money that wasn't paid out in order to make somebody whole. And in the context of a security deposit, I think it couldn't be better explained or better shown, because when somebody doesn't return a security deposit back to a tenant, it's not as if the people are being damaged only by not getting their money back. There's a slew of consequential damages that result. They don't have the money to put down at another apartment in order to pay a security deposit. They might not have the money available in order to pay their credit card or their car bills, et cetera. And before you know it, every one of the other loans that they have that they owe money on starts tacking on a late charge because they're allowed to under the contract. They're allowed to say Mr. Maynard indicated that you could still file a suit for the return of the security deposit under a longer statute of limitations. Do you agree with that or disagree? I agree. In fact, that's one of the things that we asked the lower appellate court to clarify. And it did say that it would allow us to proceed, I guess in essence, amend our complaint to seek simply the security deposit that we're going after. Does that give credence to the defendant's argument than the defendant's argument? This is a penalty that you're after? It's not. And even if this court were to look exclusively at that name or decision to decide whether something is a penalty or isn't, every court that addresses whether there's a penalty or not looks at the three factors that I mentioned. Because it's impossible just to say, well, you get more money than you might not have been paid out and therefore it has to be a penalty. The three factors are, is there a formula that automatically awards or is there a set penalty that's automatically awarded? In this case, it's not. But the biggest of the factors is the third one, where it says, are you suing simply to recover money that you are going to use as a windfall, you'll receive as a windfall? And by example, here's one that is a penalty that would come up in the context of the residential landlord tenant ordinance. One of its provisions prohibits a landlord from commingling funds on the security deposit with themselves. Some landlords violate that and they put the money in their general bank account. The reason that the ordinance exists and is written the way it does is you don't want a landlord to have its creditors sue and then grab all the money that really is being held for the benefit of the tenant. So when a landlord commingles, there's a violation of the ordinance. And under the ordinance, you're allowed to sue for some of the money. In that instance, if there was an actual violation, but the tenant still received the money back, it would be one of those no harm, no foul situations. And yet, under the ordinance, the tenant would still be allowed to go after a double the security deposit penalty. And that might not be absolutely fair. That might be a penalty in that instance. In this case, though, as every case that's decided whether something is a penalty or not, when it's a little bit mixed up because it's not just your actual damages, they are a part of your claim based on actual damages suffered. And contrary to what the first district ruled in this decision, and apparently in Nehmer as well, there are actual damages suffered. This isn't a situation where there was a one-day delay in returning the security deposit. It's never been returned. We're out $8,400. Above that, it's not as if a one-day delay gets somebody into trouble as a landlord for not returning it, therefore creating a penalty of strict liability. You missed by a day. There's a 45-day grace period that a landlord has to return the money. So here it was, you know, by definition, there's no claim unless there's at least a 46-day delay. And that's the point that I'm arguing about where the extra contractual damages might be warranted because at that point, if you don't get your money back, you don't know if you're getting it back or not. In this instance, it's been, you know, six years since it hasn't been returned to us. But most people are going to have a real hardship if their money isn't returned to them shortly after it's owed because most people live paycheck to paycheck. And as this Court ruled in Krautsack v. Anderson in determining that the Consumer Fraud Act has to have a little bit more teeth, it has to let a plaintiff go after somebody and recover attorney's fees, but it shouldn't let a defendant recover their attorney's fees as a prevailing party if there wasn't bad faith in the case. You've got to give the consumers a little bit of teeth in order to protect them. Otherwise, everything's going to be turned up on their heads and things that are intended to benefit them to allow them to get extra damages that might actually compensate them for all the late penalties that they've had to pay elsewhere suddenly becomes a toothless situation. And yes, we'll be able to continue to go after the actual security deposit itself, but what about the attorney's fees that are involved in trying to get that money back? Those aren't awarded under just the contract itself. Those are monumental. It's going to prevent most tenants that don't get their security deposit back from ever filing a claim. And it's going to do it based on the fact that here's a statute that says it has a two-year limitations period that applies only to statutory penalties, but we're going to make it read much more broadly than it actually says in contravention of most of the rules of statutory construction that exist, and in contravention of all of the enumerated items that are in the statute and all of them that are excluded from the statute, and we're going to imbue it with a word that's not there so that everybody has to now in the future guess as to what's in the statute or what isn't. For those reasons, Your Honors, what we're asking for is that you reverse the appellate court and reinstate the case that is allowing us to seek the remedies allowed under the Chicago Residential Landlord-Tenant Ordinance. Those include the extra amount of money that's recovered for the security deposit and attorney's fees as well. In the alternative, if you feel that the statute that exists that has a two-year limitations period does apply to ordinances and that this ordinance, as it's being applied here, is a penalty, then we're going to make it a two-year limitation. Then we ask that you at least send back the matter to the lower court and allow us to continue with a claim for just the breach of contract to just get the security deposit back. Thank you. Thank you, both counsel. Thank you for your fine arguments.